[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, James A. Packard, by this action appeals the decision of the defendant, Department of Motor Vehicles, to suspend his driver's license for 90 days.
On April 5, 1990, the plaintiff, James A. Packard, was arrested for driving while under the influence and transported to the Waterford Police where he consented to and was given breathalyzer tests which he failed. Motor Vehicles ("DMV") issued a suspension notice to Packard on April 11, 1990, and a notice of hearing on April 17, 1990. Packard challenged his suspension at a DMV hearing on May 2, 1990, during which he and a witness testified that shortly before his arrest he was not under the influence of liquor. At the hearing, the hearing officer overruled Packard's objections and denied his motion to dismiss, which attacked the admissibility of the police report and test results. After the hearing the DMV issued its decision suspending Packard's license for 90 days. The hearing officer determined (1) that the arresting officer had probable cause to arrest Packard for operating while under the influence, (2) that Packard was placed under arrest, (3) that Packard submitted to testing which indicated that he had a B.A.C. of. 10 or more at the time of the offense, and (4) that he was operating the motor vehicle. Packard thereafter filed a timely appeal from the suspension order.
The hearing officer's findings were based on the arrest report which indicated that Officer Patrick Chao stopped Packard after observing him strike a tree and street sign with his car. Officer Chao indicated in his report that Packard had slurred speech, bloodshot eyes, smelled of liquor, and was unable to walk straight or turn. The report also indicates Packard was "unable to perform any field tests, "but consented to a breathalyzer test which Packard failed. At the hearing Packard testified that at no time was he advised of his right to call an attorney nor given an opportunity to do so. The arrest report (Form 44) prepared by the arresting officer and presented in evidence at the hearing had no check mark in the box "Afforded reasonable opportunity to telephone an attorney".
Packard challenged the admissibility of the test results at the hearing claiming that the officer failed to notify him of his right to telephone counsel before submitting to the test.
The plaintiff has complied with all the statutory provisions governing his right to appeal and since suspension of his license adversely effects him, he is aggrieved. CT Page 8039
"Judicial review of the [motor vehicle] commissioner's action is governed by the Uniform Administrative Procedure Act . . . and the scope of that review is very limited. (citations omitted.)" Buckley v. Muzio, 200 Conn. at 3. The court may only review the evidence to determine whether the commissioner has acted arbitrarily, illegally or in abuse of his discretion. Id. The court may not disturb the commissioner's decision if the evidence reasonably supports his decision. DiBenedetto v. Comm'r of Motor Vehicles,168 Conn. 587, 589 (1975). The plaintiff has the burden to prove that the agency acted illegally or beyond its authority. Woodbury Water Co. v. P.U.C., 174 Conn. 258, 260 (1978).
Packard brings this appeal before the superior court on several grounds. In his petition of appeal and brief he alleges that:
(a) The report and breathalyzer test results were admitted erroneously because the officer did not attend the hearing and, therefore, could not be cross-examined.
(b) The breathalyzer test results failed to conform with Conn. Gen. Stat. 14-227a because (1) they were inaccurate, and (2) the officer failed to notify Packard of his right to telephone an attorney before submitting.
(c) The report and test results were admitted at the hearing despite Packard's objection.
(d) The police failed to mail their report to the DMV within three days as required by Conn. Gen. Stat. 14-227b(c).
In his brief, Packard argues that the officer's arrest report and the breathalyzer test results were admitted at the agency hearing without any supporting testimony from the officer. Packard asserts that by admitting the evidence in this matter, the DMV violated his constitutional right to cross-examine the witness. He cites Carlson v. Kozlowski, 172 Conn. 263, 267-68 (1977), for the proposition that a party suffers substantial prejudice when the agency relies solely on written hearsay evidence to support its decision.
Department of Motor Vehicles Regulation 14-227b-19 provides that a written police report is admissible if it conforms to Conn. Gen. Stat. 14-228b(c), which requires the report to "set forth grounds for the officer's belief that there was probable cause. . . ." In Volck v. Muzio, 204 Conn. 507, 517-18 (1987), the court stated that the purpose of 14-227b(c) "is to provide sufficient indicia of reliability so that the report can be introduced in evidence as an exception to the hearsay rule, especially in suspension hearings, without the necessity of CT Page 8040 producing an arresting officer."
The report was properly admitted at the hearing and was a sufficient basis for the four findings which legally sustain the suspension of Packard's license. That Packard was not afforded an opportunity to telephone an attorney prior to performing the tests would result in the inadmissibility of the test results in a criminal prosecution for operating while under the influence but it is no bar to admissibility in a license suspension hearing.
The commission in a license suspension hearing is limited to considering four factors. Volck, 204 Conn. at 511-12.
 Subsections (b) and (c) of 14-227b use mandatory language in specifying the procedures to be followed by the police prior to suspension of a motor vehicle operator's license for refusal to submit to the statutory tests for ascertaining a driver's level of intoxication. Subsection (d) nevertheless provides that the license suspension hearing `shall be limited to a determination of the following issues: (1) did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis; and (4) was such person operating the motor vehicle.'
Id. The issues to be considered by DMV are enumerated in 14-227b
(d), now 14-227b(f), Id.; not 227a(c); see also Flynn v. DMV, CSCR 638, 640 (June 11, 1991, McKeever, J.) (the opportunity to contact an attorney not a prerequisite to license suspension).
Packard also argues that the test results were inaccurate, but offers no evidence except for the one-hour error in time, which the DMV chose to discount. License suspension is an administrative proceeding, not a criminal one. Volck, 204 Conn. at 515-16. Therefore, the strict rules of evidence do not apply, as long as the evidence presented is "reliable and probative." Lawrence,171 Conn. at 710. The reliability of chemical analyses in department hearings is assured by DMV Regulation 14-228b-2, which requires all analyses to comply with Regulations 14-227a-1 through 14-227a-10. These regulations establish accuracy and certification procedures. Although counsel argued at the hearing that the time on the machine was inaccurate by one hour, he offered no evidence that the alcohol reading was erroneous or that the machine was not calibrated properly. The one-hour error on the test result tapes no doubt CT Page 8041 resulted from the failure to advance the time to comport with the change from standard time to daylight savings time which the adjudicator properly took cognizance of.
Packard also argued that the officer failed to mail a copy of his report, together with a copy of the temporary license to DMV within three business days as provided for by Conn. Gen. Stat.14-227b(c). DMV Regulation 14-227b-19 states that the officer's report "shall be admissible. . .at the hearing if it conforms to the requirements of Section 14-227b(c) of the General Statutes," which is the section where the three-day mailing provision is found. The DMV argues that this provision is directory, not mandatory, and the supreme court has agreed. "The restriction of license suspension hearing to the four issues contained in Conn. Gen. Stat. 14-227b(d) indicates that compliance with subsection (c) was not intended to be a prerequisite for suspension." Volck, 204 Conn. at 517.
It follows that section 14-227b-19 of the regulations should be construed consistently with Volck to require compliance with those requirements in section 14-227b(c) which bear on the execution of the report and, thus, on the reliability and trustworthiness of the report. Such a construction is harmonious with the statement in Volck that the purpose of 14-227b(c) "is to provide sufficient indicia of reliability." Volck, 204 Conn. at 518; see also Lee v. Delponte, 2 CTLR 372, 375 (1990). Failure to comply with the three-day mailing rule has no impact on the "indicia of reliability." see Lee, 2 CTLR at 375; also, Peters v. DMV, 4 CTLR 381 (August 5, 1991, Damiani, J.) (holding that noncompliance with the three-day requirement does not affect reliability or trustworthiness, and thus, admissibility of report).
In conclusion, the court finds that the record and law supports the order of suspension. The appeal is DISMISSED.
TAMBORRA, J.