[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought this appeal against the defendant, Commissioner of Motor Vehicles, relative to the suspension of her motor vehicle operator's license for a period of six months. The commissioner's action was taken pursuant to Connecticut's implied consent law, General Statutes Section 14-227b, which provides that all motor vehicle operators shall be deemed to have given consent to a chemical analysis of his or her blood, breath or urine if arrested for operating under the influence of intoxicating liquor or drugs. If the test for analysis is refused by the operator, his or her license is suspended for a period of six months. General Statutes Section 14-227b(h).
The facts in the instant case are as follows. On February 2, 1991 at approximately 2:04 a.m. Trooper Michael Collins observed the plaintiff's automobile swerve over the center line of Route 2 in North Stonington. The trooper stopped the vehicle and asked the plaintiff to perform field sobriety tests which the plaintiff failed.
In her testimony at the Department of Motor Vehicles (hereinafter "DMV") hearing, the plaintiff testified that she refused Trooper Collins' request that she submit to a breath test, that she was then arrested, and that after her arrest, she was not asked again to submit to a breath test. The plaintiff testified further that she was never warned of the penalty for refusing to take a breath test. Diane Breton, a witness to the plaintiff's arrest, testified at the DMV hearing that she never heard Trooper Collins ask the plaintiff to submit to a breath test or any other type of test.
In contradiction to this testimony, Trooper Collins' report states the following:
 Section E: Post Arrest Operator was informed of the following: CT Page 7098 You are requested to submit to a chemical alcohol or drug test chosen by the police officer. You may refuse a blood test in which case another test will be selected. . . . If you refuse to submit, the tests will not be given. Your refusal will result in the revocation of your operator's license for twenty-four (24) hours and the suspension of your operator's license for six (6) months, and suspension for a longer period if this is not your first offense. . . .
Trooper Collins' report also states that the plaintiff did not submit to a chemical alcohol test.
On February 14, 1991, the defendant duly notified the plaintiff that effective March 9, 1991, her operator's license would be suspended for six months for, refusal to submit to a chemical alcohol test. The plaintiff requested and was granted a hearing pursuant to General Statutes Section 14-227b(f). This statute limits the hearing to the following issues:
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor. . .or while his ability to operate, such motor vehicle was impaired by the consumption of intoxicating liquor;
 (2) [W]as such person placed under arrest;
 (3) [D]id such person refuse to submit to such test or analysis. . .; and
 (4) [W]as such person operating the motor vehicle.
On March 2, 1991, following the March 1, 1991 hearing, the hearing officer rendered his decision. The hearing officer found:
 (1) The police officer had probable cause to arrest the [plaintiff] for a violation specified in [General Statutes Section 14-227b(f)].
CT Page 7099
(2) The [plaintiff] was placed under
 (3) The [plaintiff] refused to submit to such tests or analysis. . . .; and
 (4) The [plaintiff] was operating the motor vehicle.
The court finds that the plaintiff has established that a specific personal and legal interest has been adversely affected by the suspension of her operator's license and, therefore, aggrievement has been demonstrated to the court's satisfaction. State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 299-300 (1987); Lee v. Delponte, 2 CTLR 480 (September 20, 1990), Zoarski, J.). The court also finds that the plaintiff has exhausted her administrative remedies within the DMV by virtue of her receipt of the hearing officer's order, (Buckley v. Muzio,200 Conn. 1, 2 (1986); Demma v. Commissioner of Motor Vehicles.,165 Conn. 15, 16 (1973)); and that the appeal to this court was timely pursuant to General Statutes Section 4-183 (c).
General Statutes Section 4-183 (j) provides the applicable standard of review:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because of administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Judicial review of the defendant commissioner's action is very limited. Buckley v. Muzio, supra; Lawrence v. Kozlowski, 171 Conn. 705, 707, 372 a.2d 110 (1976). The court is not to substitute its judgment for that of the CT Page 7100 commissioner's nor is it to retry the case. Buckley v. Muzio, supra, 3; DiBendetto [DiBenedetto] v. Commissioner of Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840 (1975). The court is only to decide whether, in view of the evidence, the defendant commissioner has acted unreasonably, arbitrarily, illegally or in abuse of his discretion. Buckley v. Muzio, supra, 3. See also Persico v. Maher, 191 Conn. 384,409, 465 A.2d 308 (1983). "The law is also well established that if the decision of the commissioner is reasonably supported by the evidence it must be sustained." Demma v. Commissioner of Motor Vehicles, supra, 17. The court is "limited to determining whether the agency's findings are supported by substantial and competent evidence and whether the agency's decision exceeds its statutory authority or constitutes an abuse of discretion." State v. Commission on Human Rights and Opportunities, 211 Conn. 464, 477,559 A.2d 1120 (1989).
The plaintiff argues that the defendant commissioner's decision was erroneous, because the hearing officer admitted Trooper Collins' report into evidence.
The plaintiff contends that General Statutes Section 14-227b9c) and Connecticut Regulations Sections14-227b-19 and 14-227b-10 require that the arresting officer include the operator's license with the report, and since Trooper Collins did not include the plaintiff's license with the report, the report should not have been admitted into evidence.
The defendant argues that the failure to completely comply with these regulations and statutes is not a sufficient ground for overturning the defendant's decision. The defendant argues further that these regulations and statutes are directory, not mandatory.
General Statutes Section 14-227b(c) states, in relevant part: "The police officer shall prepare a written report of the incident and shall mail the report together with. . . any operator's license taken into possession. . . within three business days."
Connecticut Regulations Section 14-227b-10 (c) states: "The. . . report. . . shall include. . . [a]ny Connecticut operator's license taken into possession. . ."
Connecticut Regulations Section 14-227b-19 states: "The written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of Section 14-227b(c) of the General Statutes." CT Page 7101
All courts addressing the, issue of whether the failure of the police to comply completely with the requirements of Section 14-227b(c) renders the police report inadmissible, have held that the police report was admissible despite the failure of the police to comply with Section 14-227b(c). See, e.g., Packard v. Department of Motor Vehicles, 5 CTLR 5 (September 18, 1991, Tamborra, J.) (Police failed to meet Section 14-227b(c) requirement that police report be mailed to the DMV within three days; however, the purpose of Section 14-227b(c) "`is to provide sufficient indicia of [the police report's] reliability'". Id., 7, citing Volck v. Muzio, 204 Conn. 507, 518, 529 A.2d 177
(1987). Since the failure to comply with the three day requirement did not impact the report's reliability, the court held that the police report was admissible.); Peters v. Connecticut Department of Motor Vehicles, 4 CTLR 381 (July 11, 1991, Damiani, J.) (Police failed to meet the Section 14-227b(c) three day requirement; however, the police report was properly admitted, because the tardy mailing did not affect the reliability or trustworthiness of the report.), Chicares v. Commissioner of Motor Vehicles, 4 CTLR 498
(August 1, 1991, Celotto J.) (Plaintiff argued that the requirements of Section 14-227b(c) were not met because the police officer who endorsed the police report also administered the oath to the arresting officer. The court held that this did not violate Section 14-227b(c), and that even if the statute was not strictly compiled with, strict compliance with the statute is not necessary to suspend a license. Id., 500 citing Volck v. Muzio supra.).
In the present case, Trooper Collins did not include the plaintiff's operator's license with his report as required by Section 14-227b(c). This omission does not affect the reliability of Collins' report, therefore the court finds that the hearing officer properly admitted the report into evidence.
Alternatively, the plaintiff argues that the report should not have been admitted because it did not comply with General Statutes Section 14-227b(c) in that Officer Paul Renshaw signed the report on February 2, 1991, indicating that he witnessed the plaintiff's refusal to submit to the breath test, while Trooper Collins did not sign the report until February 3, 1991. Hence, the plaintiff argues, Officer Renshaw's endorsement is ineffective because "the report does not become a report until. . . it has been signed and sworn to" by the arresting officer (Trooper Collins). Accordingly, the plaintiff argues that the hearing officer erred in admitting the report. CT Page 7102
The defendant argues that the fact that Officer Renshaw endorsed the report before Trooper Collins signed it is irrelevant.
In relevant part, General Statutes Section 14-227b(c) states: "If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal."
The term "endorse" is not defined in the relevant sections of the General Statutes, however the dictionary definition of the term is "[t]o place (one's signature) as on a contract, to indicate approval of its contents or terms" or "[t]o give approval of or support to; sanction." The American Heritage Dictionary, 452-53 (2nd Edition, 1985).
The court finds that General Statutes Section 14-227b(c) does not require the endorsing witness to sign the report after the arresting officer signs the report, it only requires that the witness indicate approval of the report form's printed statement that: "The operator named above refused to submit to such test or analysis when requested to do so." Hence, the hearing officer properly admitted the report into evidence.
The plaintiff argues that, as discussed above., the police report should not have been admitted into evidence; hence, the only admissible evidence, the plaintiff's and Breton's testimony before the hearing officer, establishes that the police did not ask the plaintiff to submit to a breath test after she was arrested. The plaintiff argues that the General Statutes require the police to request the test after arrest. In support of this contention, the plaintiff cites General Statutes Sections 14-227b(b) and14-227b(c): "If any. . . person, having been placed under, arrest for. . . operating a motor vehicle while under the influence of intoxicating liquor or any drug or both. . ., and thereafter,. . . having been requested to submit to a. . . breath. . . test. . ., refuses to submit to the designated test, the test shall not be given[.]" General Statutes Section 14-227b(b). "If the person arrested refuses to submit to such test. . . the police officer. . . shall immediately revoke and take possession of the motor vehicle operator's license. . . ." General Statutes Section 14-227b(c). The plaintiff argues that because she was not requested to submit to the breath test after being arrested, she did not refuse the test, and therefore the hearing officer erred in concluding that she had refused the test, and the appeal should be sustained. CT Page 7103
The defendant argues that the police report is admissible and provides evidence from which the hearing officer could have drawn his conclusion that the plaintiff refused a breath test, since the police report states that the plaintiff refused to take the breath test after being arrested.
As the police report has been found admissible, it provides evidence showing that the plaintiff refused to take a breath test after being arrested.
Accordingly, the plaintiff's appeal is dismissed.
STANLEY, J.