[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the defendant Commissioner of Motor Vehicles (DMV) ordering the suspension of the plaintiff's motor vehicle operator's license for a period of ninety (90) days in accordance with the "per se" license suspension provisions of Connecticut's implied consent law, Connecticut General Statutes Section 14-227(b).
The plaintiff has alleged he is aggrieved by the decision and offered testimony of the foregoing facts. The Court finds he is aggrieved.
The plaintiff was arrested on March 17, 1991 for operating under the influence after the arresting officer observed his vehicle weaving on a public highway. The stop and arrest occurred at approximately 7:45 P.M. He was taken to the police station where he submitted to breath tests (Intoximeter 3000) which showed BAC readings of .145 at 8:09 P.M. and .129 at 8:41 P.M. He was notified by DMV that his operator's license would be suspended, and of his right to a hearing pursuant to Connecticut General Statutes Section 14-227b(d) to contest the suspension order. The plaintiff requested and was given an administrative hearing, wherein the hearing officer found there was proof of compliance with the requirements of Connecticut General Statutes Section 14-227b(f). Whereupon his license was ordered suspended for ninety (90) days, and this appeal ensued.
 I
Plaintiff claims that the DMV lacked jurisdiction to even hear the matter because, he claims, the arresting officer violated the mandatory requirements of Section 14-227b of the general statutes in that he temporarily revoked his operator's license prior to advising him of his constitutional rights, before affording him an opportunity to telephone an attorney, without making a notation in the police report to the effect that the plaintiff was warned of CT Page 5448 the consequences of submitting to or refusing to submit to BAC testing, and by not having another officer other than himself administer the BAC test and attesting to its results.
He bases his jurisdictional claim on the allegation that the officer indicated in his DWI Arrest and Alcohol Refusal or Failure Report (Form A-44) that he stopped the plaintiff at 7:45, arrested him at 7:45 and suspended his license at 7:45 and that failure of the officer to comply strictly to the requirements of Section 14-227b, which provide that the person must first be arrested, advised of his rights, requested to take a test, be afforded an opportunity to call an attorney, and be informed of the consequences of refusing or failing the test, before his license can be suspended, is a jurisdictional failure.
It appears settled that the suspension hearing is expressly limited to the four (4) issues enumerated in Section 14-227b(f); Volck v. Muzio, 204 Conn. 507 (1987); Buckley v. Muzio, 200 Conn. 1, 7 (1986); which are as follows:
 1. Whether the police officer had probable cause to arrest the person for operating a motor vehicle while under the influence of alcohol.
2. Whether the person was arrested.
 3. Whether the person refused to submit to a test or analysis, or whether the test results indicated at the time of the offense that the blood alcohol level was in excess of that permitted by law, and,
 4. Whether the person was operating the motor vehicle.
These enumerated matters are the only matters relevant to the administrative hearing, and compliance with Section 14-227b(c) is not a prerequisite to suspension. Packard v. Department of Motor Vehicles, 6 CSCR 896 (October 21, 1991, Tamborra, J.). Paternostro v. Goldberg, Commissioner of Motor Vehicles, 7 CSCR 1007 (September 14, 1992, Stanley, J.). Johnson v. Goldberg, Commissioner of Motor Vehicles, No. CV 91-0237807, Judicial District of New Haven, at Meriden CT Page 5449 (February 10, 1992, Dorsey, J.).
Accordingly, the plaintiff cannot prevail on this jurisdictional claim.
 II
The plaintiff also claims that the police report was improperly admitted into evidence at the administrative hearing.
Over the plaintiff's objection the hearing officer admitted the arresting officer's "A-44" report which was signed and sworn to, and annexed thereto the arresting officer's narrative report which was unsigned and unsworn. The plaintiff also claims that the "A-44" report was incomplete because the officer failed to check the Section E, Post Arrest Questions which ask if the operator submitted to a chemical test when requested and which test was selected by the officer. Further, he claims the breath test was required to be administered by an independent officer, and not the arresting officer.
The record shows that the "A-44" form was properly admitted. The original was available at the hearing for comparison to the copy which was introduced. This procedure complies with the requirements of Connecticut General Statutes Section 4-178(2) for admission of copies in place of original documents. Villa v. Department of Motor Vehicles,5 CSCR 552 (June 29, 1990, Austin, J.).
Assuming that the unsigned and unsworn narrative police report was improperly admitted, (and the Court agrees with the plaintiff that it was error to admit a copy of the unsigned and unsworn narrative police report without the original being made available for comparison, over the objection of the plaintiff), the Court will look to the "A-44" form to determine if the findings of the hearing officer, including appropriate inferences which may be drawn therefrom, are supported by the evidence properly admitted, as they relate to the four questions he had to consider.
 1. Probable cause to arrest the plaintiff for DWI: The vehicle was weaving and traveling to the right of the travel portion of the road CT Page 5450 kicking up sand on the side of the road. The operator smelled of alcoholic beverage on his breath. He failed field sobriety tests (walk-turn, one leg stand, finger-to-nose, nystagmus).
 2. Whether he was arrested: Henderson was placed under arrest for operating under the influence.
 3. Refusal to submit to a test, or failing the test: Toximeter tests results were .145 at 8:09 P.M. and .129 at 8:41 P.M. and the results indicated a BAC of .10 or more at the time of the offense.
 4. Operation: The plaintiff was the sole occupant and driver of the vehicle when it was stopped by the police officer.
The Court finds that the required findings of the hearing officer are supported by the properly admitted evidence (form A-44). Thus, even excluding the narrative report the Commissioner's conclusion was supported by other substantial evidence. The narrative report adds little, if any information, to the information contained in the A-44 form and there was no substantial prejudice caused to the plaintiff by its admission. See Lawrence v. Kozlowski,171 Conn. 705 (1976).
As to the officer's failure to check two boxes in Section E of the report, that cannot invalidate the report. Section E contains a statement which advises the operator of the consequences of refusal or failure and is preceded by the following statement:
"Operator was informed of the following." The officer, under oath, signed the report (Section H). The plaintiff performed two Intoximeter 3000 tests, the results of which were signed and appended to the "A-44." It is clear that the operator did submit to a chemical alcohol test and that it was a breath test. The technical infirmity of not checking off the appropriate boxes did not prejudice the plaintiff and should not result in the "A-44" being inadmissible. Jones v. Civil Service Commission, 175 Conn. 504 (1978). CT Page 5451
The Court disagrees with the plaintiff that an independent officer is required to give the breath test. The plaintiff cites no authority for his position, nor is the Court aware of any. Section 14-227b(c) requires that a refusal to submit to a test be witnessed by an independent witness, but this is not such a situation.
For the foregoing reasons, the Court concludes that the Commissioner did not act contrary to law and in abuse of his discretion in suspending the plaintiff's license. Demma v. Commissioner of Motor Vehicles, 165 Conn. 15 (1973).
The appeal is dismissed.
BY THE COURT, Lawrence C. Klaczak Judge, Superior Court